**Andrea FERRERA–NOVA, Petitioner,**

v.

**Alberto GONZALES, United States Attorney General,[1] Respondent.**

**No. 05–3186–ag.**

United States Court of Appeals, Second Circuit.

June 15, 2007.

---

1. The Clerk of the Court is directed to amend the official caption as noted above.

Eric W. Schultz, Sacks, Kolken & Schultz, Buffalo, NY, for Petitioner.

Terrance P. Flynn, United States Attorney for the Western District of New York, Monica J. Richards, Assistant United States Attorney, Buffalo, NY, for Respondent.

Present: Hon. RALPH K. WINTER, Hon. GUIDO CALABRESI and Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Andrea Ferrera–Nova, a citizen of the Dominican Republic, petitions for review of a January 7, 2003 order of the BIA, affirming an April 7, 2000 decision of Immigration Judge ("IJ") Philip J. Montante, Jr., finding her removable and statutorily ineligible for adjustment of status. *In re Andrea Ferrera–Nova,* No. A71 975 916 (B.I.A. Jan. 7, 2003), *aff'g* No. A71 975 916 (Immig. Ct. Buffalo Apr. 7, 2000). We assume the parties' familiarity with the facts and procedural history of the case.

Ferrera–Nova contends principally that the BIA erred in finding that her 1997 New York State conviction for a controlled substance offense rendered her ineligible for adjustment of status. An alien is eligible for this form of relief only if he or she would be "admissible to the United States for permanent residence," 8 U.S.C. § 1255(a)(2), and an alien is deemed inadmissible if he or she has been "convicted of . . . a violation of . . . any law or regulation of a State, the United States, or a foreign country relating to a controlled substance," *id.* § 1182(a)(2)(A)(i)(II). In Ferrera–Nova's view, the Certificate of Relief from Disabilities, *see* N.Y. Correct. Law §§ 701–702 ("Certificate of Relief"), issued to her by a New York State court at the time of her sentencing for the 1997 conviction, by releasing her from all civil disabilities, nullifies any immigration consequences that would otherwise follow from that conviction.

In *Mugalli v. Ashcroft,* 258 F.3d 52 (2d Cir.2001), we held that a Certificate of Relief does not remove the immigration consequences of a petitioner's conviction. *Id.* at 62. Ferrera–Nova contends that *Mugalli* is distinguishable because, unlike the petitioner there, she would have been eligible to have her conviction expunged pursuant to the Federal First Offender Act, 18 U.S.C. § 3607 ("FFOA"), had she been convicted in federal rather than state court. *See Mugalli,* 258 F.3d at 62 n. 12 (noting the absence of "analogous federal relief" for the petitioner's third-degree-rape conviction). Ferrera–Nova urges that the holding of *Mugalli* be limited to situations in which an alien would not be eligible for "analogous federal relief."

■ Assuming that Ferrera–Nova's reading of *Mugalli* is correct, we do not agree that she would have been eligible for the analogous federal relief provided by the FFOA because, as she concedes, she failed to satisfy the conditions of her probation and was resentenced to a term of imprisonment. Although Ferrera–Nova's probation violation occurred more than one year into her period of probation, and the FFOA requires that offenders successfully complete only a one-year term of probation before their record of disposition is expunged, *see* 18 U.S.C. § 3607(a), (c), the relevant question is whether Ferrera–Nova completed her term of probation successfully, *not* how much of that term she

served before violating its conditions. Because she failed to satisfy the requisites for FFOA relief, there would be, as in *Mugalli*, no analogous federal relief available to her. Thus, even under her own reading of that decision, her case is not distinguishable and she has a conviction despite her Certificate of Relief.

Nor would recognizing Ferrera–Nova's conviction violate her right to equal protection under the Fifth Amendment by treating her differently from a first-time drug offender prosecuted in federal court and eligible for FFOA relief. Ferrera–Nova is not situated similarly to such an offender because she violated the terms of her probation and would be ineligible for FFOA relief. *See Jankowski–Burczyk v. INS*, 291 F.3d 172, 176 (2d Cir.2002) ("The Due Process Clause of the Fifth Amendment guarantees every person the equal protection of the laws, which is essentially a direction that all persons similarly situated should be treated alike." (internal quotation marks omitted)).

For the foregoing reasons, we DENY the petition for review. The previously granted stay of removal is VACATED.